1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

RAYMOND J. KELLER, et al.,

CASE NO. C24-2172JLR

11

Plaintiffs,

ORDER

v.

12

13

MOUNTLAKE TERRACE CODE
ENFORCEMENT, et al.,

14

Defendants.

15

16

Before the court are Plaintiffs' "motion for review and immediate intervention"

17

(Mot. for Review (Dkt. # 42)) and second motion for default judgment (2d Def. J. Mot.

18

(Dkt. # 43)). Plaintiffs, who are proceeding *pro se* and *in forma pauperis*, also filed a

19

document titled "Dispute of Minute Order and Spiritual Testimony" (Dispute Letter (Dkt.

20

# 40)) and a "request for judicial review" (Request (Dkt. # 41)), both of which appear to

21

support Plaintiffs' motion for review. The court construes Plaintiffs' motion for review

22

as a motion for reconsideration of its June 10, 2025 order denying Plaintiffs' motions for

ORDER - 1

1   default and for default judgment (6/10/25 Order (Dkt. # 37)) and DENIES Plaintiffs'

2   motion for review and second motion for default judgment.

3       A motion for reconsideration is an "extraordinary remedy . . . to be used

4   sparingly[.]" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

5   "The court will ordinarily deny such motions in the absence of a showing of manifest

6   error in the prior ruling or a showing of new facts or legal authority which could not have

7   been brought to its attention earlier with reasonable diligence."  Local Rules W.D. Wash.

8   LCR 7(h)(1).

9       Plaintiffs assert that the court erred when it stated that Plaintiffs filed their motion

10  for entry of default on June 9, 2025, and, as a result, the court should vacate its June 10,

11  2025 order.  (Mot. for Review at 1-2; *see* 6/10/25 Order at 1.)  Plaintiffs are correct that

12  the court received their motion on June 6, 2025, rather than on June 9.  (*See* Dkt. # 33,

13  docket text.)  The earlier filing date, however, does not change the court's disposition of

14  Plaintiffs motion for default and first motion for default judgment.  As the court noted in

15  its June 10, 2025 order, Defendants filed their answers to Plaintiffs' amended complaint

16  before the Clerk entered default.  (6/10/25 Order at 1.)  Courts in the Ninth Circuit

17  routinely deny motions for entry of default where the defendant has appeared in the case

18  and indicated that it will defend itself.  *See Biers v. Wash. State Liquor*, No.

19  C15-1518JLR, 2016 WL 7723804, at *2 (W.D. Wash. Mar. 18, 2016) (compiling cases).

20  Consistent with this practice, the court accepted Defendants' late-filed answers and,

21  mindful of the Ninth Circuit's strong policy favoring the resolution of cases on the

22

ORDER - 2

1    merits, *see Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986),[1] exercised its discretion

2    to deny Plaintiffs' motion for entry of default (*see* 6/10/25 Order).  Thus, because

3    Plaintiffs have identified no manifest error or material facts that would affect the court's

4    prior order denying their motion for entry of default, the court DENIES their motion for

5    review (Dkt. # 42).  The court also DENIES Plaintiffs' second motion for default

6    judgment (Dkt. # 43) because the Clerk has not entered default against Defendants.  *See*

7    Fed. R. Civ. P. 55; Local Rules W.D. Wash. LCR 55.

8            DATED this 3rd day of July, 2025.

9

10                                             _____

11                                             JAMES L. ROBART
                                               United States District Judge

12

13

14

15

16

17

18

19

20    _____

      [1] Plaintiffs' assertion that *Eitel* is unrelated and irrelevant to their case (*see* Mot. for
21    Review at 1) is flatly wrong.  To the contrary, *Eitel* is the Ninth Circuit's seminal case regarding
      the process for entering default and default judgment.  *See Eitel*, 782 F.2d at 1471.  Furthermore,
22    Plaintiffs have no due process right to a hearing on their motion for entry of default.  (*See* Mot.
      for Review at 1-2 (asserting the court's June 10, 2025 order was unconstitutional).)