|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| RAYMOND J. KELLER, et al.,<br><br>            Plaintiffs,<br>    v.<br><br>MOUNTLAKE TERRACE CODE<br>ENFORCEMENT, et al.,<br><br>            Defendants. | | CASE NO. C24-2172JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court are two motions: (1) Defendant the City of Mountlake Terrace's (the "City") motion to dismiss, or in the alternative, for summary judgment (MTD (Dkt. # 47); MTD Reply (Dkt. # 58)), in which Defendant Hillary J. Evans joins (MTD Joinder (Dkt. # 50)), and (2) Plaintiffs Raymond J. Keller, Jolene V. Johnson, and Jeffery M. Johnson's (together, "Plaintiffs") motion to strike the answers filed by the City and Ms. Evans and to compel entry of default (MTS (Dkt. # 56)). The City and Ms. Evans

ORDER - 1

(together, "Defendants") oppose Plaintiffs' motion to strike and to compel entry of default. (MTS Resp. (Dkt. # 59); MTS Resp. Joinder (Dkt. # 60).) Plaintiffs, who are proceeding pro se and in forma pauperis ("IFP") did not file an opposition to the motion to dismiss[1] or a reply in support of their motion to strike. (*See generally* Dkt.) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[2] the court GRANTS Defendants' motion to dismiss and DENIES Plaintiffs' motion to strike.

## II.    BACKGROUND

### A.    Factual Background

This matter arises from an incident that took place on Plaintiffs' property on April 1, 2022. (Am. Compl. (Dkt. # 22) ¶ 14.) On that day, according to Plaintiffs, Defendants "broke down Plaintiffs' backyard fence[,]" "effectively placed Plaintiffs under house arrest," and "proceeded to remove and seize numerous items of personal property from Plaintiffs' fenced backyard[.]" (*Id.* ¶¶ 15-17.) Plaintiffs assert that Defendants acted unlawfully pursuant to a search warrant that "contained multiple fatal defects[.]" (*Id.* ¶ 20.) They seek damages of "not less than $27,000,000." (*Id.* at 8.)

---

[1] "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2).

[2] Neither party requested oral argument, and the court concludes that oral argument would not assist it in resolving the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

B.   **Procedural Background**

Plaintiffs filed this action on December 31, 2024, and were granted IFP status on January 24, 2025. (*See* IFP Apps. (Dkt. ## 1-3); 1/24/25 Order (Dkt. # 17).) On February 26, 2025, the court dismissed Plaintiffs' original complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). (2/26/25 Order (Dkt. # 19).) After Plaintiffs filed an amended complaint on March 19, 2025, the court allowed the action to proceed. (*See* 3/24/25 Order (Dkt. # 23).) In their amended complaint, Plaintiffs raise civil rights claims under 42 U.S.C. § 1983, in addition to state-law claims for conversion, trespass, and wrongful taking under the Washington Constitution, against the City, Mountlake Terrace Code Enforcement, and the Mountlake Terrace Police Department (together, the "City Defendants") and against Ms. Evans in her role as Mountlake Terrace City Attorney. (Am. Compl. ¶¶ 26-55.)

On May 6, 2025, Plaintiffs filed affidavits of service in which they represented that Ms. Johnson sent the summons to each named Defendant through "the US Postal Service first class on 04/30/2025 (Lynnwood Post Office)." (Service Affs. (Dkt. # 26).) On May 21, 2025, counsel for the City Defendants filed a notice of appearance in which he represented that the City Defendants "reserv[ed] all defenses including, but not limited to, defects in jurisdiction and/or service of process." (City NOA (Dkt. # 27).) Counsel for Ms. Evans appeared on May 22, 2025, and represented that Ms. Evans did not "waiv[e] objection as to improper service, venue, or jurisdiction[.]" (Evans NOAs (Dkt. ## 29-30).)

On May 27, 2025, Plaintiffs filed a letter in which they appeared to suggest that the court would automatically close this case in their favor because none of the Defendants had answered their complaint. (*See* 5/27/25 Letter (Dkt. # 31).) The court instructed Plaintiffs that "[a] request for a court order must be made by motion" and that the court would not close the case in their favor "unless and until" it granted both a motion for entry of default and a motion for default judgment. (5/28/25 Order (Dkt. # 32) (quoting Fed. R. Civ. P. 7(b)(1)).) The court placed Plaintiffs on notice that it would take no further action in response to Ms. Johnson's letter. (*Id.*)

On June 4, 2025, counsel for the City Defendants notified Plaintiffs by letter that he anticipated filing the City Defendants' answer to the amended complaint by early the following week. (*See* Mot. for Review (Dkt. # 42) at 5.) On June 5 or 6, 2025, Plaintiffs filed motions for entry of default and for default judgment. (*See* 1st Def. Mot. (Dkt. # 33); 1st Def. J. Mot. (Dkt. # 34).[3]) The motions were docketed on June 9, 2025. (*See id.*) Defendants filed their answers to Plaintiffs' amended complaint that same day. (*See* City Defs. Answer (Dkt. # 35); Evans Answer (Dkt. # 36).) All of the Defendants included improper service of process among their asserted affirmative defenses. (*See* City Defs. Answer ¶ XI(m); Evans Answer ¶ XI(m).) On June 10, 2025, mindful of "the Ninth Circuit's strong policy favoring the resolution of cases on the merits," the court

---

[3] After originally entering the motions on the docket as having been filed on June 9, 2025, the Clerk later corrected the filing date on the docket to June 6, 2025; Plaintiffs, however, insist that they filed their motions with the Clerk on June 5, 2025. As the court has repeatedly informed Plaintiffs, whether they filed the motions on the fifth or sixth of June makes no difference to the outcome of their motions or of this matter. (*See, e.g.*, 7/3/25 Order (Dkt. # 44) at 2; 7/15/25 Order (Dkt. # 46) at 2.)

denied Plaintiffs' motions for entry of default and for default judgment. (6/10/25 Order (Dkt. # 37) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).)

On June 25, 2025, Plaintiffs filed a "motion for review and immediate intervention" (Mot. for Review) and a second motion for default judgment (2d Def. J. Mot. (Dkt. # 43)), along with a document titled "Dispute of Minute Order and Spiritual Testimony" (Dkt. # 40) and a "request for judicial review" (Dkt. # 41). Plaintiffs asked the court to correct the record to show that they filed their motion for entry of default on June 5, 2025 rather than on June 9. (*See generally* Mot. for Review.) The court construed Plaintiffs' motion for review as a motion for reconsideration of the order denying Plaintiffs' first motions for entry of default and for default judgment; denied reconsideration; and denied Plaintiffs' second motion for default judgment. (*See generally* 7/3/25 Order.) The court explained to Plaintiffs that the fact that they filed their motion for default a few days earlier than the date originally reflected on the docket did not affect the court's ruling on that motion. (*Id.* at 2.)

On July 7, 2025, Plaintiffs filed a 34-page letter in which they again took issue with the filing dates listed on the docket for their motions for entry of default and for default judgment. (7/7/25 Letter (Dkt. # 45).) On July 15, 2025, the court again placed Plaintiffs on notice that it would take no action absent the filing of a motion and would not address letters from Plaintiffs to the court. (7/15/25 Order (Dkt. # 46) at 2.) The court also reiterated that the filing date of Plaintiffs' motion for entry of default had no effect on its disposition of that motion. (*Id.*)

1    The City Defendants filed their motion to dismiss on July 16, 2025.  (MTD.)  Two
2 days later, Plaintiffs filed another letter to the court (Dkt. # 51) and a third motion for
3 default judgment (3d Def. J. Mot. (Dkt. # 52)).  The court denied this third motion;
4 informed Plaintiffs that it "consider[ed] the matter of the filing date of their motion for
5 entry of default closed[;]" and placed Plaintiffs on notice that it would "strike any future
6 motions for entry of default, for default judgment, or for reconsideration arising from or
7 relating to Defendants' June 9, 2025 answers or the court's June 10, 2025 denial of
8 Plaintiffs' motion for entry of default."  (7/21/25 Order (Dkt. # 53).)

9    Rather than respond to the motion to dismiss, Plaintiffs filed their motion to strike
10 along with a purported "joint status report" (Report (Dkt. # 55)) and "petition for writ of
11 mandamus" that again challenged the June 10, 2025 denial of Plaintiffs' motion for entry
12 of default (Petition (Dkt. # 57)).  Defendants subsequently filed a reply in support of their
13 motion to dismiss (MTD Reply) and responded to the motion to strike (MTS Resp.; MTS
14 Resp. Joinder.).  The motions are now ripe for decision.

### III.    ANALYSIS

16    Defendants ask the court to dismiss Plaintiffs' complaint for improper service
17 under Federal Rule of Civil Procedure 12(b)(5).  (MTD at 5-7.)  As noted above,
18 Plaintiffs did not oppose the motion.  (*See generally* Dkt.)  The court grants Defendants'
19 motion.

20    "Before a federal court may exercise personal jurisdiction over a defendant, the
21 procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l,*
22 *Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see Murphy Bros., Inc. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant."). On a motion to dismiss for improper service under Rule 12(b)(5), the plaintiff bears the burden of establishing the validity of service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Typically, this burden is satisfied by submitting an affidavit from a process server, which acts as "prima facie evidence of valid service." *SEC v. Internet Sols. for Bus., Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (citation omitted. Unless some defect in service is shown on the face of the return, the process server's affidavit is entitled to a presumption of correctness and may be overcome only by "strong and convincing evidence." *Id.*

Federal Rule of Civil Procedure 4 governs service in federal court. At the outset, Rule 4(c)(2) provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Plaintiffs' affidavits of service are signed by Ms. Johnson, who is a party to this action. (*See* Service Affs.) Service was thus improper on this basis alone.

Even if a non-party had signed the affidavits of service, the court would nevertheless grant Defendants' Rule 12(b)(5) motion because service by first class mail is not a proper method of service. Because the City is a municipal corporation, it must be served in accordance with Rule 4(j)(2), which requires "(A) delivering a copy of the summons and of the complaint to [the City's] chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Washington law, a

municipal corporation must be served by delivering a copy of the summons "to the mayor, city manager, or, during normal office hours, to the mayor's or city manager's designated agent or the city clerk thereof." RCW 4.28.080(2). Meanwhile, Ms. Evans, as an individual defendant, must be served by (a) delivering a copy to Ms. Evans personally, (b) leaving a copy at Ms. Evans's house with a person who resides there and is of suitable age and discretion, or (c) delivering a copy to an agent Ms. Evans has authorized to accept service of process. *See* Fed. R. Civ. P. 4(e)(2); *see also* RCW 4.28.080(14) (authorizing service on individuals by the first two methods listed above). Neither state nor federal law authorizes service by mail. *See Reyes v. Fircrest Sch.*, No. C11-0778JLR, 2012 WL 3144915, at *3 (W.D. Wash. Aug. 1, 2012) (compiling cases). Thus, Ms. Johnson's attempt to serve Defendants by first class mail was improper.

The City also invokes Rule 4(h), governing service on corporations, as a valid method of service. (*See* MTD at 5.) Under that rule, a plaintiff must serve a corporation by (1) delivering a copy of the summons and of the complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[;]" or (2) following state law. Fed. R. Civ. P. 4(h), 4(e)(1). In April 2025, when Ms. Johnson attempted service, Washington law provided for service on a corporation by delivering the summons to "the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary,

cashier or managing agent." RCW 4.28.080(9) (2024).[4]  Thus, even if Rule 4(h) governs service on the City, Ms. Johnson's attempt to serve the City by first class mail remains invalid, and dismissal of this action for improper service under Rule 12(b)(5) is warranted.

Defendants further ask the court to dismiss this case rather than allow Plaintiffs additional time to effect proper service because more than 90 days have elapsed since the filing date of Plaintiffs' complaint and Plaintiffs have not shown good cause or excusable neglect.  (MTD at 5-7.)  Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  The court must, however, extend Rule 4(m)'s 90-day time period if the plaintiff shows good cause for failing to effect timely service. *Id*.  The court has broad discretion to either dismiss the action entirely for failure to effect timely and proper service or quash the defective service and permit re-service. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("[T]he choice between dismissal and quashing service of process is in the district court's discretion" (citation omitted)).

Here, the court exercises its discretion to dismiss Plaintiffs' action rather than to quash the attempted service and allow re-service.  As noted above, Plaintiffs did not respond to Defendants' motion to dismiss.  (*See generally* Dkt.)  The court considers

---

[4] RCW 4.28.080 was amended effective July 27, 2025, to require that service on a corporation must be effected by serving its registered agent.  *See* RCW 4.28.080(8) (2025) (citing RCW 23.95.400, 450).

Plaintiffs' failure to oppose the motion an admission that that the motion has merit—particularly here, where it is Plaintiffs' burden to prove that service was valid.  Local Rules W.D. Wash. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."); *see also Brockmeyer*, 383 F.3d at 801 ("[P]laintiffs bear the burden of establishing that service was valid under Rule 4.").  In addition, Plaintiffs have neither acknowledged the deficiencies in their prior service attempt nor provided any explanation for their failure to effect proper service.  To the contrary, even after being placed on notice by Defendants' answers and motion to dismiss that their attempt at service was defective, Plaintiffs continue to insist that they properly served Defendants.  First, in their purported "joint status report" filed on August 7, 2025, Plaintiffs acknowledge that "Defendants contest adequacy of service[,]" but nevertheless "maintain service was proper under Federal Rule 4(i) with clerk approval and postal receipts on file." (Report at 4.)  But Rule 4(i) governs service on "the United States and its agencies, corporations, officers, or employees." *See* Fed. R. Civ. P. 4(i).  It does not govern service on a local governmental entity such as the City or on an individual such as Ms. Evans. *Id.*  Second, Plaintiffs assert in their motion to strike that "Defendants were properly served with the Complaint on April 30, 2025." (*See* MTS at 1.)  Plaintiffs have not, however, identified any rule or statute that authorizes service on a local governmental entity or its agents by first class mail. (*See generally id.*)

Although the court is mindful of Plaintiffs' pro se status, a pro se litigant must still follow the same rules of procedure that govern other litigants. *See Muñoz v. United*

*States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." (internal citations omitted)); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("[C]ourts should not have to serve as advocates for pro se litigants."). Plaintiffs' pro se status does not excuse them from effecting timely and proper service. *See Hamilton v. Endell,* 981 F.2d 1062, 1065 (9th Cir. 1992) (overruled on other grounds) ("[I]nadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service[.]"). Therefore, the court (1) dismisses Plaintiffs' amended complaint, and this action, without prejudice under Rule 12(b)(5) and (2) denies Plaintiffs' motion to strike as moot.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss (Dkt. # 47) and DENIES Plaintiffs' motion to strike (Dkt. # 56) as moot. The court DISMISSES Plaintiffs' amended complaint, and this action, without prejudice. The Clerk is DIRECTED to close this case.

DATED this 4th day of September, 2025.

JAMES L. ROBART
United States District Judge